UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC BOLTON** | **CIVIL ACTION** |
| **versus** | **NO. 06-0227** |
| **LYNN COOPER, WARDEN** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

    This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Eric Bolton, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On February 23, 2000, he was convicted of simple escape in violation of La.Rev.Stat.Ann § 14:110 and sentenced to five years imprisonment.[2] On May 11, 2001, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3] He then filed with the Louisiana Supreme Court a related writ application which was denied on May 3, 2002.[4]

On June 18, 2001, petitioner was found to be a third offender. His original sentence was then vacated and he was resentenced as a habitual offender to a term of twelve years imprisonment, without benefit of probation, parole, or suspension of sentence, but with credit for time served.[5] On May 10, 2002, the Louisiana First Circuit Court of Appeal vacated the habitual offender adjudication and sentence and remanded the matter for a new habitual offender hearing.[6] A new hearing was held on July 9, 2002, at which time petitioner was again found to be a third offender and sentenced as such to a term of twelve years imprisonment, without benefit of probation,

---

[2] State Rec., Vol. II of III, transcript of February 23, 2000, pp. 113 and 118; State Rec., Vol. I of III, minute entry dated February 23, 2000; State Rec., Vol. I of III, jury verdict form.

[3] State v. Bolton, No. 2000 KA 1800 (La. App. 1st Cir. May 11, 2001) (unpublished); State Rec., Vol. I of III.

[4] State v. Bolton, 815 So.2d 96 (La. 2002) (No. 2001-KO-1782); State Rec., Vol. III of III.

[5] State Rec., Vol. II of III, transcript of June 18, 2001; State Rec., Vol. I of III, extract of minutes dated June 18, 2001.

[6] State v. Bolton, No. 2001-KA-2740 (La. App. 1st Cir. May 10, 2002) (unpublished); State Rec., Vol. III of III.

parole, or suspension of sentence, but with credit for time served.[7]  On May 9, 2003, the Louisiana First Circuit Court of Appeal affirmed the habitual offender adjudication; however, the court again vacated petitioner's sentence and remanded the matter for resentencing.[8]  On January 13, 2004, petitioner was resentenced as a habitual offender to a term of nine years imprisonment, without benefit of probation, parole, or suspension of sentence, but with credit for time served.[9]

On or about March 4, 2004, petitioner filed with the state district court an application for post-conviction relief[10] which was denied.  He then filed related writ applications which were denied by the Louisiana First Circuit Court of Appeal on November 17, 2004,[11] and the Louisiana Supreme Court on November 29, 2005.[12]

On or about January 18, 2006, petitioner filed this federal application for *habeas corpus* relief.[13]  In support of his application, petitioner claims that he received ineffective assistance

---

[7] State Rec., Vol. III of III, transcript of July 9, 2002.

[8] State v. Bolton, 844 So.2d 420 (La. App. 1st Cir. May 9, 2003) (No. 2001-KA-2740).

[9] Supplemental State Rec., Vol. I of II, minute entry dated January 13, 2004.

[10] Supplemental State Rec., Vol. II of II.

[11] State *ex rel.* Bolton v. State, No. 2004-KW-2252 (La. App. 1st Cir. Nov. 17, 2004) (unpublished); Supplemental State Rec., Vol. II of II.

[12] State *ex rel.* Bolton v. State, 916 So.2d 160 (La. 2005) (No. 2005-KW-0038); Supplemental State Rec., Vol. II of II.

[13] Rec. Doc. 1.

of counsel. The state concedes that petitioner exhausted his state court remedies and that the application is timely filed.[14] Accordingly, this Court will address the merits of petitioner's claim.

<u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we

---

[14] Rec. Doc. 16, pp. 1 and 3.

> stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1); Hill, 210 F.3d at 485.

### Facts

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts of this case as follows:

> The instant offense occurred on the morning of May 10, 1999, while defendant was an inmate at the Washington Parish Jail. That morning, Washington Parish Deputy Sheriff Salvador Joseph Moreci transported defendant to a hospital in Bogalusa, Louisiana, for medical treatment. While Moreci and defendant were at the hospital, defendant escaped through a window in a bathroom. Moreci, who was waiting for defendant outside the bathroom, went into the bathroom after hearing a noise and discovered the escape. The Bogalusa City Police Department was quickly notified of the escape. Officers with the Department apprehended defendant shortly thereafter and transferred custody of defendant to Moreci, who took defendant back to the parish jail.[15]

### Ineffective Assistance of Counsel

As his sole claim for relief in this federal proceeding, petitioner argues that his counsel was ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the United States

---

[15] State v. Bolton, No. 2000 KA 1800, at p. 2 (La. App. 1st Cir. May 11, 2001) (unpublished); State Rec., Vol. I of III.

Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See id. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting an ineffective assistance of counsel claim. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. Strickland, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Therefore, this Court must defer to the state court on such claims unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In the instant case, petitioner alleges that he knew Barbara D. Taylor, one of the jurors, on a social basis and believed that she would be biased against him. He alleges that, prior to trial, he had a romantic relationship with Ms. Taylor's aunt which he abruptly ended on bad terms. He also alleges that Ms. Taylor gave him $20 for a $65 book of food stamps, but that he never in fact gave her the food stamps as promised. He claims that he made counsel aware of the fact that Ms. Taylor would be biased but counsel failed to investigate the allegations or challenge her during voir dire.

When petitioner asserted this claim on direct appeal, the Louisiana First Circuit Court of Appeal denied the claim, holding:

> In these assignments, defendant contends that his trial counsel was ineffective because counsel failed to challenge juror Barbara D.

- 7 -

Taylor for cause and instead allowed her to serve on the jury without objection. He alleges that, prior to commencement of the trial, he informed trial counsel that: (1) he knew Taylor on a personal basis because he, Taylor, and her husband would go to the home of a mutual friend on weekends and shoot pool, have crawfish boils, and drink liquor; and (2) prior to the instant offense he lived with and had a romantic relationship with Taylor's aunt and, shortly before the offense, he ended the relationship and moved out of the residence where the two had lived. Defendant further alleges that he explained to his trial counsel that he felt Taylor would not be fair and unbiased if allowed to serve on the jury, but counsel advised him, "Be cool, this just might work to your benefit." Based on the foregoing allegations, defendant asserts it is reasonable to conclude that Taylor held some type of animosity or grudge against him because he had abruptly terminated his relationship with and severed all ties with her aunt. Consequently, defendant submits that, in addition to receiving ineffective assistance of counsel, Taylor was a tainted juror because of her alleged bias.

A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue is raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Williams, 632 So.2d 351, 361 (La. App. 1st Cir. 1993), writ denied, 94-1009 (La. 9/2/94), 643 So.2d 139.

The United States Supreme Court has established a two-part test for review of a convicted defendant's claim that his counsel's assistance was so defective as to require reversal of a conviction. In order to prevail, a defendant must show both that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and that counsel's errors prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. Schwehm, 97-1544, p. 3 (La. App. 1 Cir. 9/24/99), 754 So.2d 264, 266, writ denied, 1999-2964 (La. 3/31/00), 759 So.2d 68. In evaluating the performance of counsel, the "inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688, 104 S.Ct. at 2065. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

As an appellate court rather than a court of original jurisdiction, we are limited in our review to matters contained in the appellate record. See State v. Oubichon, 422 So.2d 1140, 1141 (La. 1982); State v. Smith, 447 So.2d 565, 569 (La. App. 1st Cir. 1984). Accordingly, we are unable to consider defendant's allegations, which are not contained in the record, in our review of his ineffective assistance of counsel claim.

The record indicates that, during voir dire examination in response to the trial court's inquiry as to whether or not any of the prospective jurors knew defendant, Taylor acknowledged she did. She then gave the following responses during follow-up questioning by the court:

> Q. Okay. And Mrs. Taylor?
> A. I know him from living in Bogalusa.
> Q. Okay. Are you friends with he [sic] or his family, to your knowledge?
> A. No, sir. I just know him from living in the apartment where I stay.
> Q. Okay. Now, do you feel like you can be fair and impartial despite the fact that you know him?
> A. Yes sir.

Thereafter, Taylor was accepted as a juror by both the state and the defense and served on the jury that found defendant guilty as charged. Accordingly, based upon the record before us, there is absolutely no support for defendant's claim of ineffective assistance of counsel or his assertion that Taylor was a tainted juror. Furthermore, under our adversary system, once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, that must be made before and during trial (including whether or not to accept someone as a juror) rest with an accused and his attorney. The fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel. See State v. Folse, 623 So.2d 59, 71 (La. App. 1st Cir. 1993). Accordingly, the decision made by defendant and his counsel to accept Taylor as a juror, wise or unwise, does not support defendant's claim of ineffective assistance of counsel.

These assignments lack merit.[16]

The Louisiana Supreme Court then denied the related writ application without assigning reasons.[17]

Petitioner reasserted the claim in the post-conviction application he filed on or about March 4, 2004.[18] Although the state district court denied that application, a copy of that denial does not appear to be included within the state court record, so it is unclear on what basis the reasserted claim was denied. The Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court then denied the related writ applications without assigning reasons.[19]

This Court notes that jury selection is "more an art than a science." Romero v. Lynaugh, 884 F.2d 871, 878 (5th Cir. 1989). Taking that into account, the United States Fifth Circuit Court of Appeals has observed, "The selection of a jury is inevitably a call upon experience and intuition. The trial lawyer must draw upon his own insights and empathetic abilities. Written records give us only shadows for measuring the quality of such efforts." Id. The Fifth Circuit has held:

> [An] attorney's actions during voir dire are considered to be a matter of trial strategy. A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness.

---

[16] State v. Bolton, No. 2000 KA 1800, at pp. 3-5; State Rec., Vol. I of III.

[17] State v. Bolton, 815 So.2d 96 (La. 2002) (No. 2001-KO-1782); State Rec., Vol. III of III.

[18] Supplemental State Rec., Vol. II of II.

[19] State ex rel. Bolton v. State, No. 2004-KW-2252 (La. App. 1st Cir. Nov. 17, 2004) (unpublished); State ex rel. Bolton v. State, 916 So.2d 160 (La. 2005) (No. 2005-KW-0038); Supplemental State Rec., Vol. II of II.

Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995) (quotation marks omitted).

In the instant case, even if the Court were to assume that counsel was in fact told of Taylor's potential bias and performed deficiently in failing to investigate that information and challenge Taylor, petitioner's ineffective assistance of counsel claim would still fail because he cannot show that any prejudice resulted. To establish prejudice, petitioner must show that, but for his attorney's failure to challenge Taylor, the results of the proceeding would have been different. See Wilson v. Dretke, No. 3:01-CV-1082-H, 2003 WL 22976625, at *4 (N.D. Tex. Dec. 10, 2003) (Ramirez, M.J.), adopted, 2004 WL 57165 (N.D. Tex. Jan. 6, 2004) (Sanders, J.), appeal dismissed, 111 Fed. App'x 767 (5th Cir. 2004). Where the evidence of a petitioner's guilt is overwhelming, that showing simply cannot be made with respect to a claim challenging counsel's actions during *voir dire*. See, e.g., Dickson v. Thompson, No. 99-36233, 2000 WL 1593414 (9th Cir. Sept. 13, 2000); Horne v. Secretary, Florida Department of Corrections, No. 6:06-cv-0317-Orl-31JGG, 2007 WL 779129, at *5 (M.D. Fla. Mar. 8, 2007); Baldwin v. Johnson, No. 1:02CV357 DD, 2006 WL 2468779, at *14 (M.D. Miss. Aug. 23, 2006); Parker v. Turpin, 60 F. Supp.2d 1332, 1364 (N.D. Ga. 1999), aff'd, 244 F.3d 831 (11th Cir. 2001).

In the instant case, the evidence was in fact overwhelming. The evidence showed that, while in lawful custody at the Washington Parish Jail, petitioner was escorted by Deputy Sheriff Salvador Joseph Moreci to Charity Hospital in Bogalusa for a medical appointment. As petitioner waited for the appointment at the hospital, he asked to go to the bathroom and was allowed to do so alone. While in the bathroom, he removed his orange prison jumpsuit, climbed out of the window, jumped a four foot embankment into the street, and ran away. Law enforcement

officials were alerted, and petitioner was apprehended by two city police officers as he ran down the local railroad tracks approximately six blocks from the hospital.[20] In light of those facts, there is *no* probability, reasonable or otherwise, that the result in this proceeding would have been different if only Taylor had been kept off the jury. Petitioner's claim necessarily fails because even if he had the most skillful defense counsel and the least biased jurors possible, there is *no* doubt that he would nevertheless have been found guilty. See Green v. Lynaugh, 868 F.2d 176, 177 ("If the facts adduced at trial point so overwhelming to defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail.")

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Eric Bolton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[20] Petitioner, who testified at trial, admitted that he left through the bathroom window and was apprehended on the railroad tracks. However, he testified that he was sexually involved with Moreci, who devised this scheme to get petitioner out of jail and set him up with a place to live in New Orleans. Therefore, petitioner argued that he did not "escape," but he was instead "let go" by his illicit lover. This Court notes that, even if petitioner's improbable story were believed, he would *still* be guilty of escape. Cf. State v. Creel, 451 So.2d 567 (La. App. 1st Cir. 1984) (the fact that a bribed guard allowed a prisoner to escape was not a defense to the crime of simple escape). The only difference is that Moreci would *also* be guilty of a crime.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      New Orleans, Louisiana, this seventeenth day of April, 2007.

                                                 **DANIEL E. KNOWLES, III**
                                                 **UNITED STATES MAGISTRATE JUDGE**